# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

MARYLAND OFFICE
*Suite 305*
*600 Baltimore Avenue*
*Towson, MD 21204*
*(410) 339-6880 Fax: (410) 339-6881*

*Richard A. Ochran*
Member DC & MD Bars
ROchran@moodklaw.com

August 18, 2020

**VIA E-FILE**

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD, 20770

    Re: Cheryl B. Masterson v. Fuji Mountain Steakhouse, Inc., et al.
       USDC D. MD
       Docket No. 8:20-cv-01857

Dear Judge Chuang:

  The undersigned represents Defendant MKLD Enterprises, Inc. ("MKLD Enterprises"), in the above captioned matter. In accordance with this Court's June 19, 2020, Case Management Order detailing procedures for the filing of any and all motions, MKLD Enterprises hereby submits the instant letter as its Notice of Intent to File a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

  Briefly, this matter concerns claims made by Plaintiff Cheryl Masterson, a California resident. On June, 19, 2020, Plaintiff filed a Complaint against Fuji Mountain Steakhouse, Inc. ("Fuji Steakhouse") alleging that as she was dining at Fuji Steakhouse on May 6, 2018, the chair she was sitting on collapsed and a sharp metal object punctured her buttock. See Complaint, [Dkt. 4]. Fuji Steakhouse is a Maryland corporation with its restaurant located in Temple Hills, MD. On July 6, 2020, Defendant Fuji Steakhouse filed a Third-Party Complaint against Restaurant Equippers Inc. ("Restaurant Equippers") and MKLD Enterprises. See Third-Party Complaint, [Dkt. 11]. The Fuji Steakhouse's Third-Party Complaint seeks indemnification and contribution from Restaurant Equippers and MKLD Enterprises asserting that said parties owed a duty of care to foreseeable restaurant customers like the Plaintiff as the seller, designer, manufacturer, or distributor of the subject dining chair. See Third-Party Complaint, [Dkt. 11].

  Restaurant Equippers is an Ohio corporation, and MKLD Enterprises is a Georgia corporation. MKLD Enterprises asserts that it is entitled to dismissal because this Court does not have personal jurisdiction over it. Specifically, MKLD Enterprises does not have minimum contacts with Maryland to give this Court personal jurisdiction over MKLD Enterprises. "The constitutional touchstone of the determination whether an exercise of personal jurisdiction

{MD211621.1}

| Philadelphia | Pittsburgh | Cherry Hill | New York | Westchester County | Wilmington |
| Pennsylvania | Pennsylvania | New Jersey | New York | New York | Delaware |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.
August 18, 2020
Page 2

comports with due process 'remains whether the defendant purposefully established "minimum contacts" in the forum State.'" Hollingsworth & Vose Co. v. Connor, 136 Md. App. 91, 111 (2000) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Plaintiff's alleged injury occurred at Fuji Steakhouse in Maryland. MKLD Enterprises did not sell the chair in question to Fuji Steakhouse restaurant furniture, nor did MKLD Enterprises design or manufacture the subject chair.

Plaintiff alleges that the subject chair was sold by Restaurant Equippers, an Ohio corporation. See Third-Party Complaint, [Dkt. 11]. MKLD Enterprises did not design or manufacture the subject chair for Restaurant Equippers. Undersigned counsel was able to obtain a sworn affidavit from Karen McShane, General Manager for MKLD Enterprises, who was able to describe the relationship between MKLD Enterprises and Restaurant Equippers. Ms. McShane explained that Restaurant Equippers purchases restaurant furniture from a Chinese manufacturer Leling Makelide Woods Co ("Leiling Makelide"), using MKLD Enterprises as a facilitator or middleman. The extent of MKLD Enterprise' involvement with Restaurant Equippers is sending the purchase order to Leling Makelide in China. Leling Makelide then manufactures the restaurant equipment and delivers the equipment to Restaurant Equippers.

MKLD Enterprises is not involved in Restaurant Equippers' subsequent sales of restaurant furniture after the furniture is delivered from Leling Makelide. Although MKLD Enterprises did not place the subject chair or other furniture in the stream of commerce, it is anticipated that Fuji Steakhouse may argue that the sending of the purchase order to Leling Makelide constitutes placing a product into the stream of commerce. Still, this would not establish minimum contacts in Maryland. MKLD Enterprises did not specifically intend for such products to serve the Maryland market. "'The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.'" Hollingsworth & Vose Co. v. Connor, 136 Md. App. 91, 111 (2000) (citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, (1987). Additional evidence is required to demonstrate that MKLD Enterprises purposefully directed the restaurant furniture toward Maryland. In this case, MKLD Enterprises sent a purchase order to Leling Makelide, a Chinese manufacturer, who then delivered the furniture to Restaurant Equippers, an Ohio corporation. MKLD Enterprises was not aware, and was not involved in Restaurant Equippers subsequent sale of furniture to its clients in other states. It appears in this case that furniture was subsequently sold to Maryland.

As such, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) is appropriate. The parties have not met and conferred to discuss whether the matter could be resolved without a motion.

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**.
August 18, 2020
Page 3

                                      Very truly yours,

                                      **MARKS, O'NEILL, O'BRIEN,**
                                      **DOHERTY & KELLY, P.C.**

                                *___/s Richard A. Ochran*_____
                                      Richard Ochran, Esquire